# The Delaware and Hudson Canal Company *versus* The Commonwealth. (a)

*Rule for Settlement of the Tax Account between the Delaware and Hudson Canal Company and the Commonwealth.*

1. By the Act of the 11th of April 1848, one statement only is required to be filed in the auditor-general's office by the officers of the Delaware and Hudson Canal Company, setting forth the cost of its works within this state and the amount of its capital invested therein, which statement was intended to be thereafter the basis of settlement of the tax account between the Commonwealth and the Company.

2. Hence, the instruction of the court below, on case stated to ascertain the amount of taxes due the Commonwealth, that not only the sums then invested in the works of the company, but also the increased expenditure from year to year thereon, were subject to taxation, was error.

ERROR to the Common Pleas of *Dauphin county.*

This was an appeal by the President, Managers, and Company of the Delaware and Hudson Canal Company, from the settlement of their account with the Commonwealth of Pennsylvania, by the auditor-general and state treasurer, filed July 7th 1858.

The cause was tried in the court below, September 1st 1859, on the appeal and specification, by agreement.

The case was this:—The Delaware and Hudson Canal Company is a corporation created by the state of New York, and licensed to transact certain business, and hold and possess certain property in this state. In pursuance of their license so to do they built a canal and railroad, and for several years have carried on a prosperous coal business.

By the statute under which they hold their rights in this state,

(a) This case was inadvertently omitted in the earlier Reports.

it was provided "that the property of said company, whether real or personal, within this state, shall at all times be liable for its debts, and be subject to taxation in like manner as similar property held by an individual or by a corporation now is or may be :" Act of 1st April 1825, § 5.

By a decision of the Supreme Court, made on 5th July 1849, it was held that this company, not being a corporation "incorporated by or in pursuance of any law of this Commonwealth," was not liable to the taxes imposed by the Act of 1840.

Prior to this decision, to wit, on the 11th April 1848, the legislature passed an act in the following words :—

"Sect. 3. That the President and Treasurer of the Delaware and Hudson Canal Company be and they are hereby required, before the declaration or payment of any further dividends of profits by said company, to prepare and communicate to the auditor-general of this Commonwealth a statement under oath or affirmation of said president and treasurer, setting forth the cost of all the works of said company within this state, and the amount of capital invested therein ; and the stock of said company equal in amount to the capital so invested, is hereby declared to be subjected to taxation in the same manner and at the same rate as the stock of companies incorporated by the laws of this state is subject ; and it shall be the duty of said company, upon the declaration of any dividend hereafter, to cause their treasurer to retain out of such dividend and pay into the treasury of this Commonwealth the amount of state tax to which such portion of their capital stock may be liable."

Under this statute the company rendered a statement of the cost of all their works, amounting to $1,437,290.20, and of the cost of their real estate, $77,769.20.   Upon this a tax was assessed by the auditor-general, under the protest of the company that they were not liable therefor.   All the payments made thereon to the treasury were under protest.

After the rendition of the foregoing account, the company commenced improvements, alterations, and repairs of their canal and railroad, of the expense of which regular accounts were kept in their books.   They also made anew, repaired, and added to their coal cars, and repaired and added to their engines.

These expenses were made the basis of the statement upon which these taxes in dispute were assessed by the auditor-general and state treasurer, and from which this appeal is taken.

The auditor-general and state treasurer insisted upon taxing the value of the real estate as stock, but as that was deducted in the court below, there was no question raised in reference thereto in this court.

During the years from 1848 to 1857, the company had annually paid on account a large sum in taxes, and had included in

their estimates of taxes due the additional sums expended in repairs, amendments, and enlargements.

On the 21st August 1857, the auditor-general addressed a letter to the company, asking for a statement of each year's expenditure on the works of the company from 1848 to 1856, with a view to taxation. Against this the company protested, and furnished the information under protest, denying as well his right to ask the information as his right to make it the basis of taxation. The auditor-general assumed the right to tax according to that statement, and therefore this appeal.

In the original statute of 1st April 1825, the company were required " to report to the legislature, when required so to do, the amount of capital which it may have invested in this state," and the state reserved a right to examine the books of the company, &c. By the 3d section of the Act of 9th February 1836, the company were required to make an annual report to the legislature of the amount of tolls taken upon the canal within this state, and of dividends declared. By the 71st section of the Act of 7th May 1855, P. L., p. 506, all companies of other states doing business in this state, are required to give notice to the auditor-general of " the corporate name, date of incorporation, time of commencing business, and place of business; * * the amount of capital stock, dividends declared, if any, * * or value of stock," annually on or before 30th November in each year.

To all these requirements of the legislature the company have responded.

The balance claimed to be overpaid by the company upon property not liable to assessment, is $53,526.

The items of expenditure from 1848 to 1857 were in the nature of renewals and repairs to a great extent; and the main question was whether these expenditures are liable to taxation in addition to the sum reported by the company in 1848? The court below charged the jury that they were so liable.

Under the instruction of the learned judge of the court below, there was a verdict and judgment in favour of the Commonwealth for $23,633.79.

The case was thereupon removed into this court by the defendant, for whom the ruling of the court below was assigned for error.

*William Jessup*, for plaintiff in error.

*John C. Knox*, Attorney-General, for the Commonwealth.

The opinion of the court was delivered, in 1860, by

READ, J.—In 1849, the Court of Common Pleas of Dauphin county, upon an appeal by the present plaintiffs in error from a settlement of the auditor-general and state treasurer, decided

[Delaware and Hudson Canal Co. *v.* The Commonwealth.]

that, prior to the Act of the 11th of April 1848, the president, managers, and company of the Delaware and Hudson Canal Company were not liable to any tax on their capital stock or dividends, by virtue of any general or special laws of the state. The judgment entered in favour of the company was affirmed on writ of error by the Supreme Court, on the 5th of July 1859, after a very full and exhaustive argument, oral and printed, on both sides. This settled definitively, as to this New York corporation, the construction of all acts prior to the Act of 11th April 1848, which was the first taxing any part of their stock or dividends; and it is this act which we are now called upon to construe.

The natural construction of the third section of the Act of 11th of April 1848, P. L., p. 497, is that the president and treasurer of the company were to prepare and communicate to the auditor-general, a statement under oath, setting forth the cost of all the works of said company in this state, and the amount of capital invested therein, providing expressly only for one statement, which was to be made before the declaration or payment of any further dividend, and a copy of this statement the auditor-general was directed to communicate to the legislalature at its next session, thus directly recognising one statement only (and not a series of consecutive yearly statements) as the basis of taxation. It then directs or declares the stock of the said company, equal in amount to the capital so invested (that is, as declared in said statement), subject to taxation, in the same manner and in the same rate as the stock of companies incorporated by the laws of this state is subject.

The effect of this is to make the capital stock so declared by this statement to be invested in this state, the amount which is thereafter to be subject to taxation, in the same manner as if it had been incorporated by the state with that amount of capital. It is then made the duty of the company, upon the declaration of any dividends thereafter, to cause their treasurer to retain out of such dividends, and pay into the treasury of this Commonwealth, the amount of state tax.

This being the construction of this act, the accounting officers and the court below were of course in error, and the account between the Commonwealth and the company should have been settled on the basis of the first and only statement recognised by the law. It is this act which prescribes the mode and manner of taxation, and which therefore governs this case, independent of all antecedent acts, and it is consistent with the case of The New York and Erie Railroad Co. *v.* Sabin, 2 Casey 242, and not inconsistent with that of The Commonwealth *v.* The Cleveland, Painesville, and Ashtabula Railroad Co., 5 Casey 370, where the circumstances were entirely different, and which did not depend

[Delaware and Hudson Canal Co. *v.* The Commonwealth.]

upon the construction of a special act affecting that company only.

The judgment is reversed, and a *venire de novo* awarded.